UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14356-ROSENBERG
MAGISTRATE JUDGE REID

AVION LAWSON,

    Plaintiff,

v.

V. MALDONADO, et al.,

    Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, **Avion Lawson**, an inmate at Martin Correctional Facility, has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that he is in imminent danger of serious physical injury. [ECF No. 1]. This case has been referred to the Undersigned for the issuance of all preliminary orders and any recommendations to the District Judge regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF No. 2].

### II. Discussion

Plaintiff has filed three or more *pro se* civil actions in this Court that have been dismissed and count as "strikes" pursuant to 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a "three-striker" under 28 U.S.C. § 1915(g), he is required to prepay the entire filing fee before federal courts may consider his lawsuits and appeals. *See Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (citation omitted); *see also Howard v. Kraus*, 642 F. App'x 940, 941 (11th Cir. 2016).

Plaintiff has failed to pay any fee. A three-striker cannot pay the filing fee after initiating suit as a retroactive cure. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). Thus, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status, but is barred by the three strikes provision, is to dismiss the complaint without prejudice. *See id*.

A review of Plaintiff's filing history reveals that he has brought at least three civil actions or appeals while incarcerated which were dismissed and count as strikes pursuant to 28 U.S.C. § 1915(g) in the following cases:

- *Lawson v. Leavins,* No. 5:15-cv-76-RS-EMT, Order (N.D. Fla Aug. 3, 2015), [CV-ECF No. 11] (dismissing action without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i));

- *Lawson v. Marshall, et al.,* No. 5:15-cv-00199-LC-GRJ, Order (N.D. Fla. Oct. 30, 2015), [CV-ECF No. 11] (dismissing action without prejudice for abuse of the judicial process and noting the dismissal operates as a "strike" pursuant to 28 U.S.C. § 1915(g)); and,

- *Lawson v. Barber*, No. 5:15-CV-00229-MP-EMT, Order (N.D. Fla. Nov 23, 2015), [CV-ECF No. 11] (dismissing action without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)).

Furthermore, the Middle District of Florida dismissed Case Nos. 5:19-cv-00003-WTH-PRL and 5:19-cv-00526-PGB-PRL pursuant to 28 U.S.C. § 1915(g).

The Undersigned takes judicial notice of the above cited cases pursuant to Fed. R. Evid. 201. *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *see also Wells v. United States*, 318 U.S. 257, 260 (1943) (stating that federal courts may take judicial notice of the judicial records of other federal courts).

Because Plaintiff has filed at least three previously dismissed cases which qualify as strikes, Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception of section 1915(g). To come within the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm. *See Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). In short, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Id.* at 1350.

Plaintiff alleges, in summary, that (1) he "has been beaten repeatedly by correctional officers at three institutions as a means of 'premediated design of murder' to deter [him] from filing lawsuits and grievances against prison staff" [ECF

No. 1 at 3]; (2) he "complained to Martin administrators without effect, and promised them he's [sic] going to 'commit suicide' and hang himself rather than continue to suffer at the hands of his abusers" [*Id*. at 3]; (3) he "is in an immediate imminent danger of serious physical injury and is a [sic] 'genuine emergency'" [*Id*.]; and (4) "there is a causal connection between the retaliatory acts and the ongoing pattern of abuse from [his] previous institutions by threats from the wardens there . . . ." [*Id*. at 6].

"[G]eneral assertion[s] [are] insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Brown*, 387 F.3d at 1349 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Here, Plaintiff's allegations as to any imminent danger consist solely of general assertions which are vague and conclusory. He states that he "continues to suffer threats and abuse from officials" in retaliation for filing grievances and lawsuits in the past. [ECF No. 1 at 4].

Moreover, the only incident that Plaintiff has pleaded with any specificity is an incident which allegedly occurred on occurred on August 23, 2019. [ECF No. 1 at 2]. Plaintiff's Complaint was filed on September 19, 2019. *See* [ECF No. 4 at 4]. "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred."

*Brown*, 387 F.3d at 1349 (citations omitted). "[V]auge and conclusory allegations of possible future harm are insufficient to trigger the 'imminent danger of serious physical injury' exception to dismissal under § 1915(g)." *Cooper v. Bush*, No. 3:06-CV-653-J-32TEM, 2006 WL 2054090, at *1 n.3 (M.D. Fla. July 21, 2006) (dismissing plaintiff's complaint pursuant to § 1915(g) where plaintiff had filed sixty previous cases and had repeatedly claimed that he was in imminent danger of being murdered or committing suicide).

Accordingly, based on the above, Plaintiff does not meet the imminent danger exception and remains barred from proceeding *in forma pauperis*. *See Brown*, 387 F.3d at 1349. Thus, the Undersigned entered an Order Vacating Order Granting IFP, and denied Plaintiff's motion for leave to proceed *in forma pauperis*. [ECF No. 15].

### III. Recommendations

Accordingly, it is **RECOMMENDED** that Plaintiff's Complaint [ECF No. 1] be **DISMISSED** without prejudice, and the case **CLOSED**.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of the such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 18th day of January, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Avion Lawson**
W38414
Martin Correctional Institution
Inmate Mail/Parcels
1150 SW Allapattah Road
Indiantown, FL 34956
PRO SE