PROVIDED INSTITUTION
MARTIN CORRECTIONAL
ON 02/09/2020
FOR MAILING
ATL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY ___PG___ D.C.
MAR 12 2020
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

AVION LAWSON,
   Plaintiff,

CASE # 2:19-CV-14356-RLR

VS.

V. MALDONADO, et al.,
   Defendants.
_____

## OBJECTION TO MAGISTRATE JUDGES REPORT & RECOMMENDATION

Plaintiff, Avion Lawson, pro se files this objection to Magistrate Judges Report & Recommendation Pursuant to Federal Rules of Civil Procedure and in support states as follows:

Plaintiff filed his complaint September 23rd, 2019, along with a motion to proceed without prepayment as a pauper and a memorandum of law in support of his position.

A review of the complaint and memorandum of law clearly notes and establishes Plaintiff has met the Imminent Danger exception of section 1915(g). See Granted IFP, complaint and memorandum of law.

Fed. R. Civ. Proc. Rule 8(a)(2) states in part... only a short and concise claim is needed to obtain relief on claims. As the 11th Circuit Ruled in Randall v. Scott there is "no longer a heightened pleading standard". SEE. Memorandum of Law.

To wit, Plaintiff allegations must be presumed true and all reasonable inferences must be construed in light most favorable to Plaintiff. Powell v. Lennon, 914 F.2d 1459 (11th Cir. 1990).

The 11TH CIRCUIT ALSO HELD IN <u>MILLER V. DONALD</u>, 541 F.3d 1091, 1099 (11TH CIR. 2008) "REJECTING DISTRICT COURT PRACTICE OF BARRING PRISONERS WITH three-STRIKES FROM FILING UNDER Imminent DANGER OF SERIOUS PHYSICAL INJURY exception.

It Is ALSO Clearly established that Attempts OR PROMISES OF SUICIDE QUALIFIES AND meets the Imminent DANGER exception of Section 1915(g). Imminent threat of SELF-Inflicted HARM satisfies the Imminent DANGER REQUIREMENT. <u>SANDERS V. MELVIN</u>, 873 F.3d 957 (7th CIR. 2017); Accord <u>WALLACE V. BALDWIN</u>, 895 F.3d 481 (7th CIR. 2018).

NOTED AS A Whole throughout the complaint PLAINTIFF stated He IS IN <u>Imminent DANGER OF "PRESENT" SERIOUS PHYSICAL INJURY AND At the time OF the FILING OF the COMPLAINT</u> meeting the 1915(g) REQUIREMENTS.

This COURT should APPLY STARE Decisis and ABIDE BY the PREVIOUS DECISION GRANTING PLAINTIFF'S IN FORMA PAUPERIS. PLAINTIFF HAS Put forth PRIMA FACIE evidence TO PROCEED AS A PAUPER AND meeting the 1915(g) exception.

MARTIN CORRECTIONAL IS LOCUS DELICTI AND PLAINTIFF IS STILL UNDER Imminent DANGER AND UNDER Such exception HAS A RIGHT TO PROCEED. JURIS IGNORANTIA est Cum NOSTROM IGNORAMUS.

INTER ALIA. Plaintiff filed A <u>second Amended 1983 complaint December 23rd, 2019</u>. And A <u>motion for leave To Amend that</u> was timely filed And Should have superseded the former. However, No Response was ever Received BY CURIA REGIS.

(2)

A court should grant leave freely to amend a complaint. <u>Foman v. Davis</u>, 83 S.Ct. 227 (1962); <u>Williams v. Cargill</u>, 159 F.Supp. 2d 984, 998 (S.D. Ohio 2001).

The Mailbox Rule was met and is deemed timely the moment they are delivered to prison officials for mailing. <u>Houston v. Lack</u>, 487 U.S. 266 (1988); see also <u>Washington v. U.S.</u>, 243 F.3d 1299, 1301 (11th Cir. 2001).

Ergo, the second amended complaint that was filed <u>December 23rd, 2019</u>, shall supersede the former and therein states that Plaintiff is in present imminent danger at the filing of the complaint in fact by named defendants. Attached hereto, is timely filed second amended complaint <u>Exhibit "A"</u> second amended complaint.

In the second amended complaint Plaintiff specifically detailed how he experienced present imminent danger, promised imminent danger by defendants, and notably was in danger at the time the complaint was filed. Defendant Gibson grabbing and hurting his arm and refusing him meals promising more abuse to come.

Accordingly, based on the above, Plaintiff does meet the Imminent Danger exception and should not be barred from proceeding in forma pauperis. See <u>Smith v. Dewberry</u>, 741 F. App's 683, 686 (11th Cir. 2018); <u>Miller v. Donald</u>, 541 F.3d 1091, 1099 (11th Cir. 2008).

*FIAT JUSTITIA*

(3)

Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action. Bryant V. Dupree, 252 F. 3d 1161, 1163 (11th Cir. 2001) (quoting Bank V. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). Therefore, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case. See Lowery V. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing OBJECTION was placed into a prison official's hands for mailing via U.S. 1st Class mail to: U.S. District Court, 400 N. Miami Avenue, Room 8N09, Miami, Florida 33128. On this 26th day of February, 2020.

/s/ Avion Lawson
Avion Lawson #W38414
Martin Corr. Inst.
1150 SW Allapattah Road
Indiantown, FL 34956

(5)

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

AVION LAWSON,
        Plaintiff,

v.

V. MALDONOADO;
W. DEMAS;
Ofc. GIBSON;
J. WHIPPLE;
R. BRYNER, Individually,
        Defendants.    /

Hon. R. Rosenberg
Case No.: Lisette M. Reid
Case #: 2:19-cv-14356-RLR

PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 12/23/2019
FOR MAILING

## SECOND 1983 CIVIL RIGHTS COMPLAINT

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. 1331, 1337 and 1343(A)(3).

2. Plaintiff's federal claims are predicated upon 42 U.S.C. 1983 and 1988.

3. Declaratory relief is authorized by 28 U.S.C. 2201-2202 and Fed.R.Civ.P. 57 and injunctive relief is authorized by Fed.R.Civ.P. 65.

4. Venue is proper in this Court pursuant to 1391(b) in the Southern District of Florida, Fort Pierce Division, because actions arose here.

### II. PARTIES

5. Plaintiff Avion Lawson ("Lawson") is a prisoner of the Florida Department of Corrections who, at all times material hereto, was in the custody of FDOC.

1

6. At all times material hereto, Defendant V. Maldonado was an officer of Martin Correctional Institution, sued individually.

7. At all times material hereto, Defendant Demas was an officer of Martin Correctional Institution, sued individually.

8. At all times material hereto, Defendant Gibson was an officer of Martin Correctional Institution, sued individually.

9. At all times material hereto, Defendant R. Bryner was a warden of Martin Correctional Institution, sued individually.

### III. FACTS

10. On August 23rd, 2019, Avion was housed in E-3 dormitory round 8:30 a.m. cleaning the wing sweeping.

11. Moments later training assistant officer V. Maldonado as a means of an ongoing relation she falsely accused Avion of lewd behavior which did not occur. The continuous reprisal stems from abuse at Lake and Waldon Correction.

12. Officer Maldonado told Avion that "since you want to sue the warden and the entire DOC faggot this will continue to happen" showing malice and evil intent. "No matter where you go you will be marked as a snitch." She continued to threaten… "We gone kill you."

13. Avion was escorted to confinement by officer Gibson, Whipple and another prison official who then proceeded to strike him in the back, legs, ribs and back of his head with fists causing him serious swelling, bruises and lumps.

14. Maldonado directed her fellow officers intentionally and willfully to beat Avion and are liable for the unlawful battery and assault.

15. Avion has been diligent and steadfast in his defense of his legal rights, making him a target of death threats, deprivations, and physical violence deterring him from using the grievance process and promised there would be ramifications behind it if he continued to file grievances.

16. Avion has been beaten repeatedly by correctional officers at three institutions as a means of 'premeditated design of murder' to deter Avion from filing lawsuits and grievances against prison staff and remains under imminent danger at the hands of Gibson, Maldonado, and Whipple.

17. FDOC has a policy of keeping frequent "writ writers" in confinement and limiting the defense of their rights.

18. During his time at Martin C.I., Defendants expressed animus toward Avion because Avion had grieved non-stop about abusive treatment.

19. The savagery with which Avion was beaten Gibson and Whipple was unjustified and unprovoked.

20. Maldonado's purpose was to encourage violence and retaliation on plaintiff and were all connected and causally related.

21. Avion complained to Martin administrators about the abuse, and promised them he's going to '<u>commit suicide</u>' and hang himself rather than continue to suffer at the hands of his abusers Maldonado, Gibson, and Whipple. The warden showed no interest nor cared. '<u>Time is pressing</u>' as Avion is in immediate <u>imminent danger of serious physical injury</u> and is a '<u>genuine emergency</u>.'

22. The '<u>threats were real and proximate</u>' and is under imminent danger of serious physical injury of abuse, death threats, and future risk of assault.

23. No medical treatment was given to Avion delaying and denying him medical care.

24. Avion is scared for his life having both inmates and prison officials to worry about trying to kill him on every corner.

25. It is no longer safe for Avion to be out on the compound.

26. As a result of the campaign of terror, violence, threats, harassment, lack of medical care, and failure to accommodate his disability hearing aid and glasses, Avion continues to suffer threats and abuse from Maldonado, Gibson and Whipple. His eyesight is deteriorating and suffers physical disability, intentional infliction of emotional distress and enhanced injuries.

27. No investigation of the attacks was ever taken.

4

28. As a direct and proximate result of the wrongful acts alleged herein throughout, plaintiff suffered bodily injury, pain and suffering, disability, aggravation of an existing condition, and mental anguish. These injuries are continuing.

29. An inmate who regularly files grievances and lawsuits is called a "writ writer" in the parlance of FDOC security, medical, and administrative staff.

30. A known "writ writer" is widely despised and becomes a "target inmate."

31. Writ writers make up a large number of inmates in confinement and frequently have problems getting medical and security needs addressed.

32. Avion was threatened by medical staff as well refusing to document injuries caused by their coworkers and friends.

33. A target inmate may also be exploited by inmate staff.

34. Avion is <u>under imminent danger of serious physical injury at the filing of this complaint</u>.

35. Every day Avion is in severe pain limiting his ability to conduct daily exercise.

36. Plaintiff continuously feels sharp pains, soreness, and severe muscle spasms due to the continued abuse by DOC officials at Martin.

37. Every morning it takes Avion at least 5 to 10 minutes to get out of bed but because of the pain lays in bed until he feels he can gather himself together and prepare for the day.

38. Avion suffers from an 'extreme level of discomfort' because of enhanced injuries to his back, ribs, shoulder, neck and knee.

39. Martin has a well-settled known history of abuse and retaliation against inmates following a 'code of silence' of an unwritten policy and custom allowing their officers to wreak havoc on the inmate population.

40. Defendants owed Avion a duty of reasonable care to protect him from assaults by other officials.

41. Defendants breached that duty by failing to provide protection.

42. The breach of duty resulted in serious physical and emotional injury and damages.

43. The breach of duty proximately caused those damages.

44. Defendants' conduct was outrageous in character and so extreme in degree as to go beyond the bounds of decency and was atrocious and utterly intolerable in a civilized society.

45. There is a causal connection between the retaliatory acts and the ongoing pattern of abuse from Avion's previous institutions by threats from the wardens there and officers to have him dealth with.

46. Maldonado, Whipple, and Gibson are liable for excessive force and Bryner for failure to protect due to them standing by while her fellow officers assaulted Avion because of a false infraction allegedly committed.

47. Plaintiff faced a substantial risk of serious harm and policies and practices adopted by Maldonado were deliberately indifferent to the safety of vulnerable inmates like Avion.

48. Maldonado, Whipple, and Gibson had actual knowledge of the offending behavior being the instigator and is liable for foreseeable consequences of such illegal conduct. She also destroyed Avion's personal property and legal work of an estimated value of $10,000 United States dollars that cannot be replaced.

49. Further, Maldonado, Whipple, and Gibson failed to provide Avion with reasonable protection from officials violence and failed to ensure his protection for danger arising from a prison environment that both stimulated and condoned inmate abuse who had the means to substantially secure Avion's safety and knew the actions she undertook were insufficient to provide protection from violence at the hands of her fellow officers and failed to correct it.

50. Avion was escorted to confinement and threatened if he said anything they'll beat him again so he declined treatment to prevent any further assault and <u>knew the threat was real and imminent</u>.

51. Days later while doing his routine security/inspection walk Warden R. Bryner was stopped cell front at Avion's cell door face to face that his lower subordinate V. Maldonado had her coworkers batter and strike him for a false lewd infraction that did not occur.

52. Warden Bryner looked at his injuries and stated "Damn they got you pretty good there fella, I'm not turning on my officers so write up" holding his cards close to his vest sticking to the 'code of silence' followed at Martin Correctional Institution.

53. No officer was ever punished by Warden Bryner for "non-intervention" in an abuse situation.

54. Warden Bryner acquiesced in this non-intervention policy by his failure to punish officers for "standing by" while inmates were abused by other officials.

55. A policy maker responsible for specific acts relating to inmate care, custody, and control knew inmates like Avion faced a substantial risk of harm and failed to correct it.

56. Warden Bryner as a supervisor directed Maldonado, Gibson, and others to act unlawfully and failed to stop them from doing so and as a supervisor Bryner maintained a policy of deliberate indifference to the violation of constitutional rights. At all times herein Warden Bryner and his lower subordinates were

8

following an unwritten policy/custom that was well-settled and encouraged amongst prison officials at Martin C.I.

57. Bryner, Gibson, and Maldonado threatened Avion that "<u>he better drop it</u>" warning him that if he pursued the grievance process any further he'll be handled 'their way' indicating harm or even death succumbing to their threats so that he would not be tortured any more and is in <u>imminent danger of serious physical injury</u>.

58. Bryner, Gibson, and Maldonado had Avion's grievances destroyed by subordinates and never were responded to timely within the grievance limitation procedure for emergency grievances and reprisal complaints rendering them 'unavailable'.

59. A submitted sick call to document injuries was never answered resulting in delaying and denied treatment.

60. Avion suffers from an '<u>extreme level of discomfort</u>' because of enhanced injuries to his neck, ribs, back, and to stab wounds to his thigh and knee worsening his pain and suffering.

61. Avion still experienced present imminent danger by Defendants Maldonado, Gibson, and Whipple promising threats to have other prisoners beat and kill him.

62. On November 24th, 2019, Avion was retaliated on by Officer W. Demas writing him a disciplinary report for lewd and lascivious exhibition as an ongoing pattern or reprisal by Maldonado, Gibson, and Whipple.

63. Officer W. Demas did her security check rounds in F-1 pod and stated to Avion "you going to jail tonight since you want to sue my girl Maldonado lying on her saying she wrote you up for gunning (lewd exhibition) her and having you beat up by Gibson and Whipple. I got something for your ass."

64. An hour or two later Avion was taken to confinement that same night as officer W. Demas promised for lewd and lascivious exhibition he did not commit.

65. While being escorted to confinement by officer John Doe, Avion asked why is he going to jail and the officer told him for being a snitch and a gunner (masturbator) you fucked with the wrong people.

66. Avion replied "But I didn't do shit she lying sir," he then grabbed Avion by the back of the neck forcefully and gave him several gut-shots to the stomach, calling him a snitch.

67. Once in medical Avion knew not to expose what just occurred and kept his mouth shut cause he knew he would be beaten again while in handcuffs and unable to defend himself.

68. During his 55 day stay in confinement officer Gibson worked and tampered with his food sometimes even refusing him his meal further threatening Avion

harm even grabbing and squeezing his wrist pulling his arm through the food flap causing him pain and suffering.

69. Inmate Adrian Perez #Y51373 is an eyewitness to the alleged wrong-doing committed by Gibson and was Avion's roommate.

70. <u>At the time of filing of this second amended complaint</u> Avion is still <u>under imminent danger of serious physical injury</u> by Defendant's Maldonado, Gibson and Whipple whom are still promising to have him killed.

71. Maldonado, Gibson, and Whipple have caused harm and retaliated against Avion from August 23rd, 2019 to December 2019 at the filing of this complaint.

72. Throughout a period of 5 months August to December, Whipple, Gibson, and Maldonado had me assaulted and false disciplinary report for lewd exhibition written up against Plaintiff.

73. Such abuse by defendants have been constant, repetitive, imminent, and proximate of present harm of serious physical injury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests of the Court:

A. Compensatory damages in the amount of $50,000 against Defendants Maldonado, Gibson, and Bryner, individually;

B. Punitive damages in the amount of $100,000 against Maldonado, Gibson, and Bryner, jointly;

11

C. Reasonable attorney's fees and costs as provided by law;

D. Demand trial by jury for those claims so triable;

E. Nominal damages where compensatory damages are limited by law; and

F. Such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Avion Lawson
Avion Lawson, DC# W38414
Martin Correctional Institution
1150 SW Allapattah Road
Indiantown, FL 34956

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was placed into a prison official's hands for mailing via U.S. first class mail to: United States DISTRICT COURT, 400 North Miami Avenue, Room 8N09, Miami, FLORIDA 33128.

on this 23rd day of DECEMBER, 2019.

/s/ Avion Lawson
Avion Lawson, DC# W38414

12

ANTON LAWSON DOC#W138414
MARTIN CORRECTIONAL INSTITUTION
1150 SW ALLAPATTAH ROAD
INDIANTOWN, FLORIDA 34956

PROVIDED TO
MARTIN CORRECTIONAL INSTITUTION
ON 02/28/2020 OPS ATL
FOR MAILING

UNITED STATES DISTRICT COURT
400 NORTH MIAMI AVENUE
ROOM 8N09
MIAMI, FLORIDA 33128

LEGAL MAIL